HEARD NOVEMBER TERM, 1879.

CASE No. 795.

S. S. ROSS v. MARY A. LINDER.

1. A married woman may bind herself by contract.
2. Where the wife is sued upon contracts other than for her necessary support, the husband is a formal and not a substantial party, and objection to his non-joinder is waived when not taken by answer or demurrer.

Before ALDRICH, J., at Spartanburg, March, 1879.

The complaint alleged that Alie Lipscomb had conveyed a valuable tract of land to defendant and to H. V. Ross, in consideration whereof they entered into an agreement with Alie Lipscomb to board, clothe and provide other comforts for her; that she boarded with plaintiff for two years, and she was also provided by him with clothing, &c. Judgment was demanded for one-half of this account against the defendant.

The defendant set up a different agreement, denied the correctness of the account, &c., and set up a counter-claim.

At the trial plaintiff proved the following deed:

"THE STATE OF SOUTH CAROLINA,
"SPARTANBURG COUNTY.

"Know all men by these presents that I, Alie Lipscomb, of the state and county aforesaid, have relinquished my life interest, and all the real estate of my deceased husband, Robert Lipscomb, of the aforesaid state and county, upon condition that Lee Linder, and Mary Linder, his wife, and S. S. Ross and his wife, provide for my support decent and comfortable, and in a style

conformable to my state and requirements, and the aforesaid parties to pay all doctor bills, to provide for my health and comfort during my natural life. The amount to be established by three disinterested parties, when a disagreement as to the amount necessary and requisite arises.

"This relinquishment of life interest is subject to my choice as to where I live, and with whom.

"Signed and sealed this the 19th day of February, 1876.

"Alie Lipscomb. [L. S.]

"In presence of P. O. Lemmons, G. E. Clary."

Plaintiff testified that there was an agreement made at the same time whereby defendant agreed that her mother should live with plaintiff, and that she would pay one-half of the amount necessary for her mother's support and maintenance. H. V. Ross, wife of plaintiff, was also a daughter of Alie Lipscomb.

The presiding judge granted a non-suit for defect of parties, in that the husband of the defendant was not made a party defendant. Plaintiff appealed.

*Messrs. Bobo & Carlisle*, for appellant.

*Mr. J. S. R. Thomson*, for respondent.

January, 7th, 1880. The opinion of the court was delivered by

Willard, C. J. The complaint was dismissed by the Circuit Court, on the ground that the defendant was a married woman, and that her husband was not joined as defendant.

The objection of the non-joinder of the husband of the defendant was not taken by either demurrer or answer, and is therefore waived, unless it can be made to appear that such defect is material to the question whether the complaint state facts sufficient to constitute a cause of action. *Code*, § 171. It is necessary, therefore, in order to sustain the judgment below to establish one of the two propositions—that a married woman cannot bind herself by a contract, or that a judgment cannot be recovered in any case against a married woman without joining her husband.

2 P

The ability of a married woman to bind herself by a contract cannot be disputed under the provisions of General Statutes, p. 482.

There are cases in which a judgment may be recovered against a married woman without the joinder of her husband as defendant, as provided for in Section 137 of the code, so that it cannot be affirmed that a judgment recovered against a married woman without the joinder of her husband is necessarily erroneous. The provisions of the General Statutes that the husband shall not be liable for the debts contracted by the wife, except in a particular case of her necessary support, places the husband in the position of a formal and not a substantial party to suits against the wife on her individual contracts other than her necessary support, which is the nature of the present action, and failure to take such objection by demurrer or answer is a waiver of such objection.

The judgment must be set aside and a new trial granted.

New trial granted.

McIVER, A. J., concurred.